NOT FOR PUBLICATION                                                                                    CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISTRICT 65 PENSION PLAN<br>By its Trustees, PABLO VALCARCEL,<br>BEVERLY GANS, ZARKO RAJACICH,<br>and ROBERT AMBROSINI<br><br>        Plaintiffs,<br><br>v.<br><br>CONTENT CRITICAL, LLC<br><br>        Defendant. | Civil Action No. 12-05794 (ES)<br><br>OPINION & ORDER |

**SALAS, District Judge**

      This action comes before the Court on District 65 Pension Plan, Pablo Valcarcel, Beverly Gans, Zarko Rajacich, and Robert Ambrosini's (collectively "District 65 Pension Plan" or "Plaintiffs") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiffs' submissions (D.E. No. 6), and it appearing that:

1. Plaintiffs commenced this civil action on September 14, 2012. (*See* D.E. No. 1).

2. Defendant Content Critical, LLC ("Defendant" or "Content Critical") was personally served with a copy of the Summons and Complaint on September 28, 2012. (*See* D.E. Nos. 2, 5, 6-1).

3. The time for answering the Complaint has expired, and Defendant has not been granted an extension of time within which to answer and have failed to interpose an answer or otherwise respond to the Complaint.

4. On October 26, 2012, District 65 Pension Plan filed the present motion seeking default judgment against Content Critical. (*See* D.E. No. 6). Plaintiffs have

    provided Defendant with notice of the motion for default judgment and related documentation. (*See* D.E. No. 6-4).

5. On October 29, 2012, the Clerk of Court entered default as to Defendant.

6. To date, Content Critical has not opposed Plaintiffs' motion for default judgment. Thus, the Court accepts the allegations of the Complaint as true and admitted by the Defendant. *See Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 U.S. Dist. LEXIS 77650, at *6 (D.N.J. July 18, 2011). For that reason, the Court finds that Plaintiffs' allegations that Content Critical is a successor of American Direct Mail are true. Plaintiffs' allegations also shows that Content Critical is liable to Plaintiffs for all delinquent obligations that American Direct Mail owes the Plan, including the obligations under the Default Judgment Order (Case No. 11-cv-00168) issued on July 7, 2011 by this Court. (*See* D.E. No. 6-2). Plaintiffs' allegations further demonstrate that Plaintiffs are entitled to attorneys' fees and costs that have been incurred as a result of having to enforce its interests.

7. Therefore, this Court concludes that entry of default judgment against Content Critical is warranted for the following two reasons. First, Content Critical is culpable because it has not proffered a meritorious defense in response to Plaintiffs' claims. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 U.S. Dist. LEXIS 71738, at *4-5 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond"). Second, District 65 Pension Plan has suffered economic loss as a result of Content Critical's failure to respond and will continue to suffer if Plaintiffs' motion for default judgment is not granted.

Accordingly, IT IS on this 10th day of April, 2013,

**ORDERED** that, whereas Content Critical is a successor of American Direct Mail, judgment is entered against Defendant Content Critical, in favor of Plaintiffs in the amount of $574,746.49.  The total amount is comprised of the following amounts:

1. $274,803.34, representing the accelerated balance of American Direct Mails' withdrawal liability, which includes 8% per annum compound interest through March 15, 2011;

2. $100,296.00 for delinquent payments, which includes 1% simple interest calculated through March 15, 2011;

3. $196,972.15, representing the total interest owed on the unpaid liabilities by American Direct Mail as provided by 29 U.S.C. § 1132(g)(2)(C);

4. $2,675.00 for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).

(*See* D.E. No. 6-2); and it is further

**ORDERED** that Plaintiffs' counsel shall submit records to support its claims for reasonable attorneys' fees and costs in the amount of $4,300.00 within ten (10) days of the entry of this Order.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**